UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TURIA R. SEIGER-TODD,<br><br>                         Plaintiff,<br>    v.<br><br>NEW PENN FINANCIAL LLC, dba SHELLPOINT MORTGAGE SERVICING; THE BANK OF NEW YORK MELLON fka THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS CWABS, INC. ASSET-BACKED CERTIFICATES SERIES 2005-AB3; and DOES 1-10, inclusive<br><br>                         Defendants. | Case No. 3:21-cv-00497-ART-CLB<br><br>ORDER |

**I.   DISCUSSION**

Before the Court are a Motion to Dismiss (ECF No. 20) and Motion for Summary Judgment (ECF No. 21) filed by Defendants Newrez LLC f/k/a New Penn Financial LLC d/b/a Shellpoint Mortgage Servicing, and the Bank of New York Mellon f/k/a the Bank of New York (collectively, "Defendants") on July 13th, 2022. Plaintiff Turia R. Seiger-Todd ("Plaintiff") failed to respond to either motion. Accordingly, the Court now grants both of Defendants' Motions.

Under Local Rule 7-2(d) "[t]he failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion." LR 7-2(d). Accordingly, the Court grants Defendants' Motion to Dismiss, as Plaintiff failed to file points and authorities in response to Defendants' Motion to Dismiss. (ECF No. 20).

Regarding Defendants' Motion for Summary Judgment (ECF No. 21), Defendants moved for summary judgment on Plaintiff's fourth claim, an alleged

1  violation of 12 CFR § 1024.41(c)(1)(i)(ii), failure to make determination of loan
2  modification application within 30 days, actionable pursuant to Title 12 U.S.C. §
3  2605(f). (*Id.* at 5).

4  Defendants have submitted evidence that establishes Plaintiff submitted an incomplete loan modification application to Shellpoint and that Defendants complied with federal law in processing that application. (ECF No. 21 at 8). Thus, Defendants have met their initial burden on summary judgment by showing the absence of a genuine issue of material fact as to Plaintiff's fourth claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The burden now shifts to Plaintiff to produce evidence that demonstrates an issue of fact exists as to the timeliness with which Defendants processed her loan application. *See Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102-03 (9th Cir. 2000).

It appears that Plaintiff was properly served with the motion for summary judgment and neither opposed it nor submitted any evidence in opposition. There is no indication that Plaintiff requested service at a different address. *See* LR IA 3-1 ("An attorney or pro se party must immediately file with the court written notification of any change of mailing address, email address, telephone number, or facsimile number. . . . Failure to comply with this rule may result in the dismissal of the action . . . .")

Plaintiff's failure to respond to the motion means that Plaintiff has failed to meet her burden on summary judgment to establish Defendants' alleged untimely processing of her loan modification application as she failed to come forward with any evidence to create an issue of fact as to whether Defendants' processing was dilatory. Accordingly, because Defendants' evidence establishes the absence of genuine issue of material fact, and Plaintiff has failed to come forward with evidence to meet her burden that an issue of material fact exists, Defendants' Motion for Summary Judgment (ECF No. 21) is granted.

In addition, this Court dismisses the action for failure to prosecute under

Fed. R. Civ. P. 41(b). "It is within the inherent power of the court to sua sponte dismiss a case for lack of prosecution." *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984) (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962)). "Only 'unreasonable' delay will support a dismissal for lack of prosecution." *Id.* (citing *Nealey v. Transportation Maritima Mexicana, S.A.*, 662 F.2d 1275, 1280 (9th Cir. 1980). Unreasonable delay creates a presumption of injury to the defense. *Ash*, 739 F.2d at 496.

When considering dismissal for failure to prosecute, courts must consider the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)). "District judges are best situated to decide when delay in a particular case interferes with docket management and the public interest." *Ash*, 739 F.2d at 496.

The first three factors weigh strongly in favor of dismissal. As of the date of this order, Plaintiff failed to respond to both of Defendants' motions for more than eight months. This is unquestionably an unreasonable delay which prejudices Defendants as a matter of law. The public's interest in the expeditious resolution of litigation is impeded by Plaintiff's failure to continue participating in this lawsuit, and the court's need to manage its docket is thwarted by Plaintiff's failure to prosecute her action. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to manage its docket without being subject to the routine noncompliance of litigants.")

Regarding the last two factors, while there is a public policy favoring disposition of cases on their merits which weighs in favor of Plaintiff, this is not outweighed by the other factors that compel dismissal. The absence of

communication from Plaintiff for more than eight months leaves the court with no sanction short of dismissal.

## II. CONCLUSION

It is therefore ordered that Defendants' Motion to Dismiss, (ECF No. 20), and Motion for Summary Judgment, (ECF No. 21), are granted.

It is further ordered that this case is dismissed with prejudice.

The Clerk of Court is respectfully directed to close this case.

DATED THIS 4th day of May 2023.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

4